IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIM. NO. 4:21-CR-180-SDJ-KPJ-1 |
| | § | |
| ALFONSO VICTORIO | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant Alfonso Victorio's ("Defendant") supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 30, 2023, to determine whether Defendant violated the conditions of his supervised release. *See* Minute Entry for August 30, 2023. Defendant was represented by Assistant Federal Public Defender Sarah Jacobs, and the Government was represented by Assistant U.S. Attorney Michael Anderson. *See id.*

On October 18, 2022, U.S. District Judge Sean D. Jordan sentenced Defendant to a term of twenty-seven (27) months imprisonment, followed by a term of supervised release of three (3) years, for violating 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) (Possession of a Firearm by a Felon). *See* Dkt. 41. On April 6, 2023, Defendant completed his term of imprisonment and began service of his supervised release. *See* Dkt. 48.

On August 24, 2023, the U.S. Probation Office filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 48). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or local crime; (2) Defendant must not unlawfully possess a controlled substance; (3) Defendant must refrain from any unlawful use of a controlled substance; and (4)

1

Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On August 20, 2023, an officer with the Gainesville, Texas, Police Department was patrolling when he observed a vehicle driven by a female known to him. He checked for warrants and was advised she has active warrants. A traffic stop was conducted. As the officer approached the vehicle, he observed the passenger side door slightly open as the vehicle was still slowly driving. The vehicle came to a stop and the male passenger exited the vehicle and began to walk towards a residence. The officer told the suspect to return to the vehicle and he complied. The passenger identified himself as Alfonso Victorio.

While walking to the patrol car, the female driver advised the offender that Defendant was "carrying." The officer asked if she was referring to a weapon and she stated "no." He asked her if Defendant was carrying narcotics and she nodded her head up and down as if to indicate yes.

A search of Defendant's person did not locate any narcotics. The female driver then pointed towards the ground and the officer looked and observed two small white baggies. The baggies were 5 to 10 feet behind the vehicle and on the right side in the area where the officer observed the passenger door open. The substances field tested positive for methamphetamine. The officer reviewed his car camera, and the contraband can be seen on the ground as the officer was pulling up behind the vehicle. The contraband is directly in line with the passenger door as if it was dropped straight down at the bottom of the door prior to the vehicle stopping.

Defendant was arrested and charged with Possession of a Controlled Substance, a 3rd degree felony. Bond was denied and he remains in the Cooke County Jail.

(2) Same as Allegation (1).

(3) On June 30, 2023, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for methamphetamine. This test was confirmed positive for D-Methamphetamine 99% by Abbott Labs.

(4) On July 7, 10, 18, 21, and 29; and August 9, 2023, Defendant failed to submit a urine drug test at McCary Counseling Services in Denton, Texas, as instructed and as part of the U.S. Probation Office's random drug testing program.

*See id.*

At the hearing held on August 30, 2023, the Government moved to dismiss Allegations One and Two, which the Court granted, and Defendant entered a plea of true to Allegations Three and Four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the U.S. Magistrate Judge. *See* Minute Entry for August 30, 2023; Dkt. 58. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 30, 2023, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, to run consecutively to any other sentence Defendant is serving, followed by twenty-four (24) months of supervised release. The Court further recommends that Defendant be placed under the same conditions as those under which he was placed when originally released, as well as the following special condition: Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility; should Defendant obtain a residence approved by the probation officer during the 180-day placement, Defendant must be released. The Court further recommends Defendant be placed at Federal Correctional Institute, Big Spring, located in the Northern District of Texas, if appropriate.

**So ORDERED and SIGNED this 14th day of September, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE